Mitchell v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of January, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

MELINDA MITCHELL, individually and on behalf of a class
of all others similarly situated, HARVEY MITCHELL, individually
and on behalf of a class of all others similarly situated,

                                   *Plaintiffs-Appellants*,

                  v.                                      No. 18-588

CITY OF NEW YORK, a municipal entity, NYC POLICE
OFFICER JAMES SCHUESSLER, Shield No. 28718,
POLICE OFFICER JOSEPH BRINADZE, NYPD
CAPTAIN JOSEPH GULOTTA, NYPD SERGEANT
DANIELLE ROVENTINI, NYPD LIEUTENANT
KATHLEEN CAESAR, RICHARD ROES 1-50, NEW YORK
CITY POLICE SUPERVISORS AND COMMANDERS,
JOHN DOES, 1-50 NEW YORK CITY POLICE OFFICERS,
individually, and in their official capacities, jointly and severally,

                                   *Defendants-Appellees*.

_____

Appearing for Appellants:     Jeffrey A. Rothman (Jonathan C. Moore, Beldock Levine &
                              Hoffman LLP, Joshua S. Moskovitz, Bernstein Clarke &
                              Moskovitz, *on the brief),* New York, N.Y.

Appearing for Appellees:      Melanie T. West, Assistant Corporation Counsel, (Richard
                              Dearing, Devin Slack, *on the brief*), for Zachary W. Carter,
                              Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York  (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants Melinda Mitchell and Harvey Mitchell, putatively on behalf of themselves and all others similarly situated ("Plaintiffs"), appeal from the February 1, 2018 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting summary judgment to defendant police officers ("City Defendants") regarding claims of false arrest because the officers were protected by qualified immunity. *Mitchell v. City of New York*, 2018 WL 671257 (S.D.N.Y. Jan. 31, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The facts are drawn from our previous opinion in *Mitchell v. City of New York*, 841 F.3d 72 (2d Cir. 2016) ("*Mitchell II*"), where they are recited in more detail. Melinda and Harvey (we refer to them by their first names as they are unrelated) were among those attending a house party at a brownstone in Brooklyn that the police believed to be abandoned. After the police arrived, officers asked the partygoers to identify who owned the house, or who was hosting the party. When no one identified the owner or host, Deputy Inspector Joseph Gulotta ordered all those present arrested.

Melinda and Harvey sued, bringing a putative class action alleging Section 1983 claims for false arrest, malicious prosecution, abuse of process, and excessive force. After discovery, the parties cross-moved for summary judgment. On February 11, 2013, the district court granted appellees' motion for summary judgment in its entirety. *Mitchell v. City of New York,*  14 WL 535046, at *6 (S.D.N.Y. Feb. 11, 2014) ("*Mitchell I*"). The Plaintiffs appealed, and this Court affirmed on all grounds but one: "whether the appellee police officers had probable cause to arrest appellants for trespass." *Mitchell II*, 841 F.3d at 75. We remanded for the district court to consider the false arrest claim and the appellee's claim of qualified immunity as it related to the false arrest. The City Defendants moved for summary judgment on qualified immunity grounds, and the district court granted that motion. Plaintiffs timely appealed.

We affirm. After remand, the Supreme Court considered the case of *District of Columbia v. Wesby*, 138 S. Ct. 577 (2018). *Wesby* is a party-house case: the question before the Court was whether there was probable cause for District of Columbia police officers to arrest 16 partygoers "who were arrested for holding a raucous, late-night party in a house they did not have permission to enter." *Id.* at 582. As here, the arrestees brought Section 1983 false arrest claims against the District of Columbia and the arresting police officers. The Supreme Court concluded

2

that based on the circumstances, the officers had probable cause to arrest the partygoers, and also exercised its discretion to find that the officers were entitled to qualified immunity. *Id.* at 589.

Because the district court assumed the absence of probable cause for the arrests, the only issue on appeal is the question of whether *Wesby* dictates that the officers here were entitled to qualified immunity. Qualified immunity protects officials from damages liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citations omitted). "'Clearly established' means that, at the time of the officer's conduct, the law was sufficiently clear that every 'reasonable official would understand that what he is doing' is unlawful." *Wesby*, 138 S. Ct. at (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011)). "That determination is made not from the perspective of courts or lawyers, but from that of a reasonable officer in the defendant's position." *Ganek v. Leibowitz*, 874 F.3d 73, 81 (2d Cir. 2017) (citations omitted). After determining that a legal rule was clearly established, the next question is whether "the legal principle clearly prohibit[s] the officer's conduct in the particular circumstances before him." *Wesby*, 138 S. Ct. at 590. The "specificity" of the rule a plaintiff seeks to apply is "especially important in the Fourth Amendment context," *id.* (citation omitted), because "[p]robable cause turns on the assessment of probabilities in particular factual contexts and cannot be reduced to a neat set of legal rules." *Id.* (citation and alterations omitted).

A police officer is entitled to qualified immunity in the context of a false arrest claim if there was at least "arguable probable cause" at the time the officer arrested the plaintiff. *See Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016). In assessing arguable probable cause, the inquiry is "whether any reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, could have determined that the challenged action was lawful." *Id.* (emphases in omitted).

*Mitchell II* found Plaintiffs raised a question of material fact as to the issue of probable cause, and the district court assumed for the purposes of its analysis that probable cause did not exist. But the question in determining whether the City Defendants are protected by qualified immunity turns on the question of arguable probable cause—a lesser showing. The only truly distinguishing fact between this case and *Wesby* is that in *Wesby*, the police officers made more of an effort to determine if the house was truly abandoned. 138 S. Ct. at 583-84. That is not enough of a difference to deny the City Defendants qualified immunity.

*Wesby* emphasized that qualified immunity is appropriate unless a court can "identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment." *Wesby*, 138 S. Ct. at 590 (citation omitted). The case need not be directly on point, "but the existing precedent must place the lawfulness of the particular arrest beyond debate." *Id.* (internal quotation marks omitted). Thus, there must be a "body of relevant case law [that] clearly establish[es] the answer with respect to probable cause." *Id.* Plaintiffs identify no such case here.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4